UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MERIDIAN ENTERPRISES CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV01117 RWS |
| ) | |
| BANK OF AMERICA CORP., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before me on Defendant HSBC Finance Corporation's Motion for a More Definite Statement [#47]. Pursuant to Federal Rule of Civil Procedure 12(e), HSBC requests that I enter an order requiring Plaintiff Meredian Enterprises Corporation to provide an amended complaint with a more definite statement of its claims of alleged patent infringement. Because of the liberal notice pleading standard of Federal Rule of Civil Procedure 8 and the liberal discovery available to both sides, I will deny HSBC's Motion for More Definite Statement.

*Background*

On July 21, 2006, Meridian filed a complaint against thirty-one defendants, including HSBC, alleging that the defendants had infringed on its U.S. Patent No. 5,025,372 ("'372 Patent"). Meridian's Complaint alleges that the defendants have "infringed, induced other to infringe, and contributed to the infringement of the '372 patent by making, using, offering for sale, selling, distributing and/or servicing card-based incentive award programs that infringe one or more claims of the '372 patent." Complaint ¶ 55. HSBC has moved for Meridian to make a more definite statement than the one contained in Meridian's current Complaint.

*Standard*

Fed.R.Civ.P. 12(e) states in part, "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." "A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." Tinder v. Lewis Cnty. Nursing Home Dist., 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (citations omitted). Motions for a more definite statement are rarely granted, however, in light of the liberal notice pleading standard of Federal Rule of Civil Procedure 8 and the liberal discovery available to both sides. Tinder, 207 F. Supp. 2d at 959-60.

In Conley v. Gibson, 355 U.S. 41, 47-48 (U.S. 1957), the United States Supreme Court held that:

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.

"[A] patentee need only plead facts sufficient to place the alleged infringer on notice. This requirement ensures that an accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself." Phonometrics, Inc. v. Hospitality Franchise Sys., 203 F.3d 790, 794 (Fed. Cir. 2000). A complaint that sets forth ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked contains enough detail to allow the defendants to answer. Id.

Form 16 of the Appendix of Forms to the Federal Rules of Civil Procedure sets forth an illustrative complaint for infringement of a patent. See Introductory Statement to Appendix of Forms. Form 16 states a claim for patent infringement in four paragraphs, followed by a demand for relief. The first paragraph alleges jurisdiction. The second paragraph alleges ownership of the patent at issue. The third paragraph alleges that the defendant has been and still is infringing the patent by "making, selling, and using electric motors embodying the patented invention." The fourth paragraph alleges notice of the patent on all products manufactured and sold by the patent owner under the patent and written notice to the defendant of the alleged infringement. These four paragraphs "are sufficient under the [Federal] rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." Fed.R.Civ.P. 84.

*Analysis*

HSBC argues that its Rule 12(e) motion should be granted "because there are ambiguities and omissions in Meridian's Complaint that render it unanswerable and prevent HSBC from determining issues it must meet." Specifically, HSBC argues that "[a]s generically described in the Complaint, HSBC is alleged to have been potentially involved (in any number of ways) in any number of unspecified "card-based incentive award programs" over the last six years that allegedly infringed (directly, by inducement, and contributorily) one or more of the 32 claims of the '327 patent." HSBC claims that its portfolio includes numerous substantially different card-based incentive award programs, and that it cannot therefore frame a proper responsive pleading "to such vague and ambiguous allegations."

Meridian's Complaint identifies in particular detail the attributes of HSBC's card-based incentive programs that are asserted to infringe the system covered by the '372 patent. Complaint ¶¶ 41-54:

41. Defendant sells, administers, processed and/or sponsors an incentive program where cards are provided to participants in the incentive program. Those cards have the name of the participant and an account number on them.

42. Participants can present these cards to retailers in order to make a purchase.

43. Retailers honor the cards and allow participants to make purchases with them.

44. A computer database is associated with the incentive program and contains the names, addresses, and/or social security numbers of the participants.

45. That database also contains the account numbers that appear on the cards that is provided to the participants.

46. One can tell from that database which account number is associated with which participant.

47. A computer is used to determine whether or not a participant's performance under the incentive program entitles the participant to an award.

48. The computer also determines the amount of the award.

49. The amount of the award is based upon the level of the participant's performance in the incentive program.

50. Some or all of the purchases made by a participant with the card are paid for with money provided by the company sponsoring the program.

51. A computer is used to keep track of transactions made with the card.

52. The cards are not associated with or linked to the participants' personal checking accounts.

53. The money used to pay for transactions with the cards is in a bank account owned by someone other than the participant.

54. Upon information and belief, Defendant has known of Meridian and the '372 patent since at least before Defendant began selling, administering, processing, and/or sponsoring its card-based incentive award programs.

These details provide HSBC with notice of the alleged patent infringement. Further information on which specific HSBC card-based incentive programs Meridian is alleging infringed the '372 patent is more properly obtained through discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant HSBC Finance Corporation's Motion for a More Definite Statement [#47] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of November, 2006.