UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MERIDIAN ENTERPRISES CORP., ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> JNR, INC., et al., ) <br> ) <br> Defendant(s). ) | Case No. 4:06CV1117 RWS |

## **MEMORANDUM AND ORDER**

This matter is before me on Meridian's Motion for Extension of Time and for Leave to Take Limited Discovery from JNR [#180].  Meridian currently has an extension of time to respond to JNR's Motion to Dismiss for Lack of Personal Jurisdiction, which runs up to and including February 26, 2007.  Meridian argues that it "needs additional time to take limited discovery from JNR, Inc. to cross-examine the affidavit submitted by JNR in order to respond to the Motion."  In support of this request, Meridian seeks leave to take limited discovery on the JNR personal jurisdiction issue to determine "how often those cards or websites have been used or accessed in Missouri."

JNR responds that Meridian's motion is "procedurally untimely, improper, and should be denied."  JNR argues that when a motion challenging personal jurisdiction is made, the plaintiff is required to respond with a *prima facie* showing of why personal jurisdiction is proper in the forum in question, and only after such a showing is made may the District Court then choose to exercise its discretion to grant limited jurisdictional discovery focused on any shortcomings in the plaintiff's *prima facie* showing.

JNR cites to <u>Lakin v. Prudential Secs.</u>, 348 F.3d 704 (8th Cir. 2003) as support to their position. However, this case does not support JNR's position. Rather, in <u>Lakin</u>, the United States Court of Appeals for the Eight Circuit found an abuse of discretion when the district court denied plaintiff the opportunity to take jurisdictional discovery before ruling on the motion to dismiss. 348 F.3d at 712-13.

In its Motion to Dismiss, JNR has challenged the factual allegations in the complaint by offering fact evidence in the form of a declaration from a Mr. James G. Jalet, III. It would be unfair to force Meridian to respond to JNR's evidentiary showing without affording it the opportunity to take limited discovery on JNR's contacts with the forum.

Accordingly,

**IT IS HEREBY ORDERED** that Meridian's Motion for Extension of Time and for Leave to Take Limited Discovery from JNR Before Filing a Response [#180] is **GRANTED**.

**IT IS FURTHER ORDERED** that Meridian shall respond to JNR's Motion to Dismiss no later than **March 30, 2007.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of February, 2007.