UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MERIDIAN ENTERPRISES CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:06cv01117 RWS ) ) |
| Bank of America Corporation, JNR, INC., et al. | ) ) ) |
| Defendants. | ) ) ) |

## **MEMORANDUM AND ORDER**

This matter is before me on Defendant JNR, Inc.'s [hereinafter "JNR"] Motion to Dismiss [#178] and Motion to Transfer Venue [#178]. Meridian Enterprises Corp. [hereinafter "Meridian"] filed this complaint against JNR alleging infringement of United States Patent No. 5,025,372 and seeking damages pursuant to 35 U.S.C. §§ 284-285. JNR asks me to dismiss the complaint, arguing that it is not subject to personal jurisdiction in the Eastern District of Missouri and that venue is improper. Because I find that the contacts in the Eastern District of Missouri are sufficient to justify personal jurisdiction, I will deny the motion to dismiss. Based on the traditional factors under 28 U.S.C. § 1404(a), I will deny the alternative motion to transfer venue.

*Background*

Meridian is a Missouri corporation with its principal place of business located in Missouri. Meridian is the owner of U.S. Patent No. 5,025,372 [hereinafter "Patent '372"]. JNR is a Nevada corporation with its principal place of business located in California. All facilities and buildings connected with JNR are located in California. JNR's contract negotiations with its

clients are all conducted with personnel located in California.

JNR sells, administers, processes and sponsors incentive programs in which prepaid debit cards are provided to participants in the incentive programs. The prepaid debit cards have the name of the participant and an account number on them. Participants can present those cards to retailers in order to make a purchase. Retailers honor the cards and allow participants to make purchases with them. This program is supported by the use of computers. The computers are located and maintained in the state of California.

JNR administers a computer system that supports two allegedly infringing debit card based incentive programs which have participants in Missouri. These two programs are Mitsubishi Diamond Rewards and Kawasaki Rewards. Both Mitsubishi and Kawasaki Rewards provide Missouri participants with JNR Mastercards with which participants can redeem awards earned in the Reward programs. Based on JNR's activity reports, Meridian claims that there are 6 Missouri cardholders participating in the Mitsubishi Diamond Rewards program and 37 Missouri cardholders participating in the Kawasaki Rewards program.

JNR claims that all contract negotiations with its clients, including Mitsubishi and Kawasaki, occurred at its California headquarters. Additionally, all cardholders must contact JNR's facilities in California in order to activate their reward cards. According to JNR's activity report, 58 contacts occurred between JNR and Missouri residents from 2004-2006.

JNR also supports and operates an interactive website under the Internet address www.jnrcard.com. JNR's website has been an active web site for approximately five years. The purpose of the www.jnrcard.com website is to support JNR's incentive debit card programs which are the subject of this infringement action. JNR's website is accessible to anyone,

including Missouri residents, on a year round basis. JNR's website also includes an interactive drop down menu which allows users to select their state of origin, *including Missouri*. In other words, the website was specifically designed to attract Missouri residents. Through this interactive website cardholders can enroll in the incentive programs, activate their reward cards, redeem their reward cards, check the transaction status of their reward card accounts, determine their reward card balances, and contact customer service.

***Legal Standard***

In patent infringement cases, when the issue is "intimately involved with the substance of the patent laws," the law of the Federal Circuit Court of Appeals is applied to jurisdictional questions rather than the law of the regional circuit in which the case arises. Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1359 (Fed. Cir. 2001); *see also* Breckenridge Pharm., Inc. v. Metabolite Labs., Inc., 444 F.3d 1356, 1361 (Fed. Cir. 2006). In order to withstand a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a *prima facie* showing of personal jurisdiction over the defendant. Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201 (Fed. Cir. 2003). To evaluate the *prima facie* showing, the court must view all evidence in the light most favorable to the plaintiff. Trintec Industries, Inc. v. Pedre Promotional Products, Inc., 395 F.3d 1275, 1282-1283 (Fed. Cir. 2005).

There are two inquires to consider when determining whether a district court has personal jurisdiction over the defendants in a patent infringement case. Golden Trade v. EV. R., Inc., 2007 WL 1125699, *2 (E.D. Mo. 2007). The first inquiry is whether personal jurisdiction exists under the state long-arm statute. Id; *see also* Silent Drive, Inc., 326 F.3d at 1200; Deprenyl Animal Health, Inc. v. U. of Toronto Innovations, 297 F.3d 1343, 1349-50 (Fed. Cir. 2002). If

jurisdiction is proper, the second inquiry is whether the exercise of jurisdiction is consistent with the limitations of the due process clause. *See*, *e.g.*, Silent Drive, 326 F.3d at 1201; Golden Trade, 2007 WL 1125699, at *2. "Sometimes these two inquiries coalesce into one because the reach of the state long-arm statute is the same as the limits of the due process clause, so that the state limitation "collapses into" the due process requirement." Trintec Industries, Inc., 395 F.3d at 1360. "Because Missouri's long-arm statute permits the assertion of jurisdiction over an out of state defendant to the extent permitted by the Due Process Clause, the sole inquiry is whether exercising personal jurisdiction over defendant is within the embrace of federal due process standards." Golden Trade, 2007 WL 1125699, at *2 (internal citations omitted).

"Due process requires 'minimum contacts' between [a] non-resident defendant and the forum state such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1073 (8th Cir. 2004); Burlington Industries, Inc. v. Maple Industries, Inc., 97 F.3d 1100, 1102 (8th Cir. 1996) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980). Minimum contacts exist when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp., 444 U.S. at 297. There are two theories for evaluating minimum contacts: general jurisdiction and specific jurisdiction. Dever, 380 F.3d at 1073.

Specific jurisdiction arises when a plaintiff's cause of action "arises out of or relates to the defendant's activities with the forum state." Id. The Federal Circuit has outline a three-pronged test for determining if specific jurisdiction exists: 1) whether the defendant purposefully directed its activities at the residents of the forum, 2) whether the claim arises out of or is related

to those activities, and 3) whether assertion of personal jurisdiction is reasonable and fair. Id.

General jurisdiction arises when a defendant has "continuous and systematic contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum." Inamed Corp., 249 F.3d at 1360. A district court has general jurisdiction when a defendant "has certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Id.

*Analysis*

Personal Jurisdiction

Defendant JNR, Inc. asserts that it is not subject to personal jurisdiction in this district because it does not reside in the Eastern District of Missouri and the exercise of jurisdiction over it would violate the Due Process Clause. JNR submits the Declaration of James G. Jalet, III, President of JNR, which states that JNR has its principal place of business in California; JNR has offices and employees in California only; JNR sells prepaid debit card system services to clients through contractual arrangements which are negotiated at JNR's headquarters in Irvine, California; JNR has no office, employees or clients in the State of Missouri; JNR does not make, sell or offer for sale in Missouri any computer system; and JNR maintains a computer system in Irvine, California, used in implementing its debit card incentive program.

For purposes of specific personal jurisdiction, I must consider whether JNR had sufficient minimum contacts with Missouri to subject itself to jurisdiction. Dever, 380 F.3d at 1073. Specific jurisdiction can arise from even a single contract with the forum. McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223 (1957). The minimum contacts inquiry for specific jurisdiction

focuses on the "relationship among the defendant, the forum and the litigation." Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984) (citation omitted). The quantity of contacts is not determinative where specific jurisdiction has been alleged. However, under the Federal Circuit test for specific jurisdiction, the defendant must have purposefully directed its activities at the forum state. *See* Inamed Corp., 249 F.3d at 1360.

In Lakin v. Prudential Securities, Inc., 348 F.3d 704 (8th Cir. 2003), the Eighth Circuit addressed the issue of whether under Missouri law an Internet web site may provide sufficient "minimum contacts" to invoke personal jurisdiction. In order to analyze the requirement to invoke specific jurisdiction, the Eighth Circuit noted that most courts have adopted the analytical framework of Zippo Manufacturing co. v. Zippo Dot Com, Inc., 952 F.Supp 1119, 1124 (W.D. Pa. 1997) which set forth a "sliding scale" approach that examines the level of interactivity and commercial nature of the exchange of information through the web site. Id. at 710-711. The court in Lakin agreed that the Zippo test is an appropriate approach in cases of specific jurisdiction in finding whether "minimum contacts" exists. Id. at 711

In Enterprise Rent-A-Car Company v. U-Haul International, Inc., 327 F.Supp.2d 1032 (E.D. Mo. 2004), this Court followed Lakin and applied the Zippo test to conclude personal jurisdiction existed based upon a foreign defendant's operation of an interactive website that was accessible and specifically directed to Missouri residents by allowing users to select "Missouri" from preprogrammed options. Just as in Enterprise, the facts here support a finding of specific jurisdiction. JNR supports and operates a highly interactive website under the Internet address www.jnrcard.com that allows Missouri residents access by selecting "Missouri" from an interactive drop down menu. JNR's website has been an active website for approximately five

years and according to JNR's activity report the website has been used by at least 44 Missouri residents.  Through this website cardholders in Missouri have been able to enroll in the allegedly infringing programs, activate their cards, redeem gift card purchases, check the transaction status of their accounts, determine their card balances, and contact customer service.  Additionally, JNR's activities are purposefully directed to Missouri residents because it offers accessibility to participating clients from Missouri, such as Mitsubishi and Kawasaki.  JNR's president admitted that the very purpose of the jncard.com website is to support the allegedly infringing card based incentive programs.

Under the Zippo test adopted by the Eighth Circuit for determining whether specific personal jurisdiction is proper based on Internet website contacts, the high degree of interactivity of the jnrcard.com website and its specific targeting of Missouri residents leads to my conclusion that personal jurisdiction is appropriate over JNR.  JNR has purposefully availed itself of the privilege of conducting business in the State of Missouri through the Internet.

Based on the foregoing, I conclude that the exercise of personal jurisdiction over defendant JNR is consistent with both due process principles and the Missouri long arm statute.  As a result, I need not address whether JNR's contacts with Missouri would also support general jurisdiction.

Because questions of venue and personal jurisdiction are indistinguishable, for corporate parties, Dakota Indus. v. Dakota Sportswear, 946 F.2d 1384, 1392 (8th Cir. 1991), I will also deny JNR's motion to dismiss based on improper venue.

Venue

Defendant JNR moves in the alternative to transfer venue of this action to the United

States District Court for the Central District of California.

Federal courts generally give "considerable deference to a plaintiff's choice of forum, and thus the party seeking a transfer under 28 U.S.C. § 1404(a) typically bears the burden of proving that a transfer is warranted." Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 695 (8th Cir. 1997). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The initial inquiry in ruling on a motion under § 1404(a) is whether this case "might have been brought" in the Central District of California. As discussed above, JNR is incorporated in Nevada and has its principal place of business in Irvine, California. Therefore, this action could have been brought initially in the Central District of California.

In determining whether or not to transfer venue, I must consider the three general categories of factors stated in § 1404(a): (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) whether the transfer would be in the interest of justice. Terra Int'l, 119 F.3d at 691. "Courts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id.

JNR argues that the Central District of California is the location where virtually all of the events giving rise to this litigation occurred and where most of the witnesses reside. However, JNR offers no proof or explanation for why it believes the events giving rise to the litigation occurred in California. JNR admits that it administers two of the allegedly infringing card based

incentive programs, Mitsubishi Rewards and Kawasaki Rewards, in Missouri.

JNR also asserts that the venue in Missouri would be unduly burdensome because key witnesses such as the principal designer of JNR's incentive card computer system software and JNR's President are located in California and JNR would bear their travel costs and loss of work product during their travel periods. Meridian responds by arguing that while JNR has listed only two key witnesses, in Meridian's previous trial involving the patent at issue in this case, Meridian's president Samuel Toumayan offered live testimony, as well as its Senior Vice President John Ebann, inventors James Burton and Daniel Henke, as well as others presented in Meridian's case in chief. Meridian believes that these witnesses and others offering like testimony will be present at the trial in the present case. Therefore, JNR has not demonstrated that the balance of the conveniences of the witnesses favors a trial in California.

Having considered the § 1404(a) factors, I find that JNR has not met its burden of proving that a transfer is warranted. I will deny JNR's motion to transfer venue.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [#178] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Transfer Venue [#178] is **DENIED.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of August, 2007