UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MERIDIAN ENTERPRISES CORP., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV01117 RWS |
| | ) | |
| BANK OF AMERICA CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on Defendant JNR's objection to John McMullin having access to "attorneys' eyes only" information. This issue was raised in the Joint Scheduling Plan [#241]. I ordered both parties to brief the issue of Mr. McMullin's fiduciary duty to Meridian Enterprises Corporation. Having reviewed these briefs, I find that John McMullin, as a Board Member for Meridian Enterprises, owes a fiduciary duty to Meridian Enterprises. I will therefore deny Mr. McMullin access to JNR's "attorneys' eyes only" trade secret information.

**Background**

John McMullin is a senior partner at the law firm of Brown & James, P.C., located in St. Louis, Missouri. Mr. McMullin is Meridian Enterprises Corporation's local counsel in the present action.

Mr. McMullin has a 10% ownership interest in Meridian Enterprises Corporation ("Meridian"), which he has held since shortly after the formation of Meridian. The remaining 90% ownership of Meridian belongs to Sam Toumayan. Mr. Toumayan serves as the President of Meridian and Mr. McMullin serves as the Vice President of Meridian. Mr. McMullin also serves on the Board of Directors of Meridian. In performing these roles for Meridian, Mr.

McMullin does not advise or participate in decisions respecting pricing, product design or development, sales, or marketing strategy respecting any of Meridian's products or programs. Neither does Mr. McMullin advise or participate in the analysis of Meridian's competitors or of competitive products. Mr. McMullin occasionally advises Meridian on legal matters relating to contracts with its client. Such matters typically pertain to legal issues like indemnity agreements.

Since 1993, McMullin has served as Meridian's trial counsel in every lawsuit the company has brought against infringers of its U.S. Patent No. 5,025,372 ('372 patent"). In at least seven of these lawsuits, protective orders granting Mr. McMullin access to the defendants' "Confidential" and "Attorneys' Eyes Only" information have been entered by district courts or agreed to by the parties. There were no allegations of impropriety, with respect to Mr. McMullin's use of the confidential information, brought against Mr. McMullin by the defendants in those cases.

The parties in this case have substantially agreed on the terms of a protective order, with the exception that JNR has objected to access by Mr. McMullin to its "Confidential" and "Attorneys' Eyes Only" information.

**Legal Standard**

The party seeking a protective order to limit the discovery of evidence bears the burden of showing good cause for the order to issue. Fed. R. Civ. P. 26 (c). A court has "substantial latitude to fashion protective orders." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

In patent infringement suits, Federal Circuit case law is binding on those issues that are unique to patent law. Bowling v. Hasbro, Inc., 403 F.2d 1373, 1375 (Fed. Cir. 2005). However, "[q]uestions dealing with the provisions of [a code of professional responsibility] involve procedural matters which are *not* unique to patent cases." Picker Int'l, Inc. v. Varian Assocs.,

2

Inc., 869 F.2d 578, 580 (Fed. Cir. 1989) (emphasis added). Therefore, the law of the regional circuit, the Eighth Circuit Court of Appeals, applies to the issue before me. Biodex Corp. v. Loredan Biomed., Inc., 946 F.2d 850, 857-58 (Fed. Cir. 1991).

**Analysis**

<u>McMullin's Fiduciary Duty to Meridian</u>

Citing the absence of an applicable Eighth Circuit Court of Appeals decision informing this issue, Meridian applies the reasoning of two Federal Circuit decisions, U.S. Steel Corp. v. United States, 730 F.2d 1465 (Fed. Cir. 1984) and Matsushita Electric Industrial Co. v. United States, 929 F.2d 1577 (Fed. Cir. 1991). In U.S. Steel, the Federal Circuit suggested that access might properly be denied where counsel is involved in "competitive decisionmaking," a term the Court defined as:

> shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in *any* and all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor.

U.S. Steel, 730 F.2d at n.3 (emphasis added). In so holding, the Federal Circuit focused on "[w]hether an unacceptable opportunity for inadvertent disclosure exists." Id. at 1468. In Matsushita, the Federal Circuit further enunciated that "the standard is not 'regular contact' with other corporate officials who make 'policy,' or even competitive decisions, but 'advice and participation' in 'competitive decisionmaking.'" Matsushita, 929 F.2d at 1580. The Court went on to conclude that "a denial of access sought by in-house counsel on the sole ground of status as a corporate officer is error." Id.

Meridian argues that Mr. McMullin does not engage in competitive decisionmaking for Meridian. According to Mr. McMullin's Declaration, he does not advise or participate in decisions relating to pricing, product design or development, sales, or marketing strategy

3

respecting any of Meridian's products or programs, nor does he advise or participate in the analysis of Meridian's competitors or of competitive products. Mr. McMullin does not recall any discussions on any of these topics at Meridian's Board of Director meetings or at shareholder meetings. Accordingly, Meridian argues that, coupled with Mr. McMullin's past compliance in other cases, Mr. McMullin's fiduciary duty to Meridian would not conflict with his access to JNR's "attorneys' eyes only" trade secret information.

JNR counters Meridian's position by citing to Norbrook Labs., Ltd. v. G.C. Hanford Mfg. Co., No. 5:03-CV-165 (HGM/GLS), 2003 U.S. Dist. LEXIS 6851 (N.D.N.Y. April 24, 2003). Norbrook sought to deny co-counsel for Hanford, Joseph Heath, access to Norbrook materials labeled "Confidential/Attorney's Eyes Only." Id. at 14. Mr. Heath served as Hanford's Corporate Secretary and as a member of Hanford's Board of Directors but not as its "in-house counsel." Id. Mr. Heath asserted that his duties at Hanford were limited in time and scope, because he attended only one monthly meeting of the Board of Directors in which he prepared the Board minutes. Id. Norbrook characterized Mr. Heath's relationship to Hanford as that of an "insider" and argued that he could not be made privy to Norbrook's trade secret documents. Id.

While acknowledging U.S. Steel as the leading authority on protective orders distinguishing outside from in-house counsel, the District Court found that Mr. Heath's positions, both as Hanford's Corporate Secretary and as a member of Hanford's Board of Directors, created a serious risk of the inadvertent disclosure of confidential documents and information. Id. at 17. The Court found that while Mr. Heath may not directly participate in competitive decisionmaking such as "product design, marketing strategy, scientific research, etc.,"as a member of the Board of Directors, he sat in the same room as those who are involved in competitive decisionmaking. Id. As such, the Court found that Hanford's board meetings presented an unacceptable

opportunity for the inadvertent disclosure of confidential information. Id. The Court noted that it did not doubt Mr. Heath's assurances that he would abide by the protective order; however, it could not endorse a situation that places Mr. Heath's ethical obligations as an attorney in direct competition with his fiduciary duty to Hanford. Id.

I find that the facts of the instant case more closely align with Norbrook. As with Mr. Heath, Mr. McMullin's presence at board meetings presents an "unacceptable opportunity for the inadvertent disclosure of confidential information." Id. While I appreciate that defendants in prior cases have never alleged impropriety on Mr. McMullin's part, such compliance is only one factor in deciding whether to grant access in the present case. See In re Independent Service Organizations, 162 F.R.D. 355, 356 (D. Kan. 1995).

Directors are fiduciaries of a corporation and, as such, occupy positions of trust and confidence on which other corporate officials must rely. In re Allegheny Int'l, Inc., 954 F.2d 167, 180 (3rd Cir. 1992). A significant part of a director's duty of loyalty is to disclose to other decision-makers all information in his possession germane to a transaction at issue. Id.; see Bayne v. Jenkins, 593 S.W.2d 519, 532 (Mo. banc 1980); Fitch v. J.A. Tobin Constr. Co., 829 S.W.2d 497, 504 (Mo. App. 1992).

I find that the risk of inadvertent disclosure is great because Mr. McMullin is both a shareholder of Meridian and a member of its Board of Directors, and therefore has a fiduciary duty to Meridian to disclose all information in his possession germane to issues discussed.

<u>Prejudice to Meridian</u>

Meridian argues that it would be prejudiced were Mr. McMullin to be denied access to JNR's confidential information because Mr. McMullin has entered an appearance as Meridian's trial counsel in this case and brings with him great expertise and specialized knowledge.

A party seeking access to confidential information must demonstrate that its ability to litigate will be prejudiced without such confidential information.  See Highway Equip. Co., 2006 U.S. Dist. LEXIS 31179 at *12-13 (finding that a party will not be unduly prejudiced by restricting access to attorney's eyes only information to certain counsel, "because other outside counsel have been involved in the litigation from the outset, and they are fully familiar with the facts and the dispute at issue").

I find that Meridian will not be unduly prejudiced by my excluding Mr. McMullin from viewing "attorneys' eyes only" confidential information because Meridian's primary outside and trial counsel, Woodard, Emhardt, Moriarity, McNett & Henry, LLP, will still have access to such information.

Accordingly,

**IT IS HEREBY ORDERED** that John McMullin shall not have access to JNR's "Confidential" or "Attorneys' Eyes Only" information.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of February, 2008.